JEWELL v. UNITED STATES.

THOMAN v. UNITED STATES.

Nos. 11954, 11955.

United States Court of Appeals, Sixth Circuit.

Dec. 22, 1953.

Hayden C. Covington, Brooklyn, N. Y., Victor F. Schmidt, Columbus, Ohio, on the brief, for appellants.

Gerald P. Openlander, Asst. U. S. Atty., Toledo, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

These two cases were argued together as they present identical questions of law based upon closely similar situations of fact. In each case after registration under the Selective Service Act, the appellant was classified by the Local Board as a conscientious objector. The Appeal Board made the same classification. In each case the appellant claimed to be entitled to exemption as a minister of Jehovah's Witnesses and requested an appeal to the President. In each case the National Selective Service Appeal Board, without stating any reason or making any findings of fact, placed the appellant in Class 1-A, thus denying him conscientious objector as well as ministerial status. In each case the appellant was notified to report for induction, reported and refused to submit to induction. Each of the appellants was indicted for refusal to comply with the Selective Service Act and after trial to the court

was found guilty of the offense as charged. 112 F.Supp. 327.

■ Motion for judgment of acquittal was timely made in each case and we think that it should have been sustained. There was no evidence contradicting the claim of these appellants that they were entitled to conscientious objector status. The Local Board which conducted all of the original communications and interviews so found and its ruling was sustained by the Appeal Board. The National Selective Service Appeal Board did not see the appellants. Its ruling was based upon consideration of the file. The appeal from the classification solely on the basis that the appellant is entitled to ministerial status under the rules of the National Headquarters Selective Service system does not constitute a withdrawal of the claim of conscientious objection. Local Board Memorandum No. 41 issued November 30, 1951, as amended August 15, 1952. In view of the complete lack of evidence to contradict the findings of the two lower Boards, we hold that the ruling of the National Selective Service Appeal Board classifying each of the appellants in 1-A was arbitrary and capricious and without basis in fact.

■ Though we may not weigh the evidence before the Administrative Board, where there is no substantial evidence to support a classification made by such Board, the order is void. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Taffs v. United States of America, 8 Cir., 1953, 208 F.2d 329; Dickinson v. United States of America, 74 S.Ct. 152; Bejelis v. United States, 6 Cir., 206 F.2d 354. It follows that the ruling of the National Selective Service Appeal Board is a nullity.

We also think that there was no basis in fact for denying the claims of these appellants for ministerial exemption under Section 6(g) of the Universal Training and Service Act, 50 U.S.C.A. Appendix, Section 456(g). When the appellants originally claimed ministerial classification each of them was doing substantial outside work to support himself, Thoman working in a factory and later being employed on his father's farm. Jewell worked in a factory and later in a dairy. However, several months previous to the decision by the National Selective Service Appeal Board, each of the appellants notified the Local Board and the National Selective Service Appeal Board that he had received a full-time ministerial assignment and that he had given up outside work. The notice was given to the Local Board by Thoman on January 16, 1952, to General Hershey on April 12, 1952, and repeated on September 1, 1952. His certificate of ordination from The Watchtower Bible and Tract Society was presented to the Local Board in a photostatic copy on April 22, 1952. No testimony is presented to the contrary. Similar action was taken by appellant Jewell, whose notice and certificate of ordination were sent to the Local Board February 26, 1952, and to General Hershey August 29, 1952. The National Selective Service Appeal Board rejected Thoman's contention on December 3, 1952, and Jewell's contention on November 7, 1952, each of the appellants being placed in Class 1-A.

The evidence that shortly subsequent to the original claim of appellants each entered upon full-time work as a minister is uncontradicted. The case therefore falls squarely within the ambit of Dickinson v. United States of America, supra. In this case Dickinson, a Jehovah's Witness, originally claimed that he was a regular but not an ordained minister and was working forty hours a week as a radio repairman. Later he requested reclassification based on changed conditions occurring subsequent to the filing of his questionnaire in 1948. He was ordained in the Spring of 1949. In August, 1949, he was enrolled as a full-time minister by The Watchtower Bible and Tract Society. The Supreme Court held that Dickinson met the vital test of regularly teaching and preaching the principles of his sect and conducting worship in the tradition of his religion. Both the local and national appeal boards

had classified Dickinson in 1-A. The Supreme Court reversed the decision of the administrative boards holding that "when the uncontroverted evidence supporting a registrant's claim places him prima facie within the statutory exemption, dismissal of the claim solely on the basis of suspicion and speculation is both contrary to the spirit of the Act and foreign to our concepts of justice." [74 S.Ct. 158.]

The judgment in each case is reversed, the conviction is set aside, and each appellant is discharged.