**TAFFS v. UNITED STATES.**
No. 14791.

United States Court of Appeals,
Eighth Circuit.
Dec. 7, 1953.
Writ of Certiorari Denied
March 15, 1954.
See 74 S.Ct. 532.

Hayden C. Covington, Brooklyn, N. Y. (Gustav A. Larson, St. Paul, Minn., on the brief), for appellant.

Clifford Janes, Asst. U. S. Atty., Redwood Falls, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

Appellant Siegfried Ranulf Taffs was indicted and tried under Title 50 U.S.C.A.Appendix, § 462, for failure to submit to induction into the armed forces of the United States. A jury was waived by stipulation of the parties. Upon trial to the court, Taffs was found guilty as charged and sentenced to imprisonment, whereupon he prosecuted this appeal.

Appellant, a member of the Jehovah Witnesses religious sect, claimed before

his local draft board that he was entitled to a I–O selective service classification as a conscientious objector under Section 6(j), Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 456 (j). This section provides:

"Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code."

The ruling of the local draft board, which accepted an advisory opinion of the Assistant Attorney General in denying appellant's claim for conscientious objector status, is based upon two grounds: (1) Appellant's testimony that he would use force in defense of his life, property, or fellow Jehovah Witnesses, and (2) his testimony that he was not a pacifist but believed in and approved of certain wars, that is, theocratic wars. The decision of the trial court finding appellant guilty was also based upon these two grounds.

The issue before the court is narrowly defined. Congress has provided that the action taken by the local selective service board in the classification of registrants is final except for administrative review. Title 50 U.S.C.A.Appendix, § 460(b) (3). The Supreme Court of the United States has construed the word "final", as used in this section, to mean "that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous.

The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Estep v. U. S., 327 U.S. 114, 66 S.Ct. 423, 427, 90 L.Ed. 567. It is in the light of this ruling that we examine the record.

There is no dispute in the facts presented on hearings before the various administrative tribunals and the court below. During World War II, appellant was classified IV–F in the draft and upon re-registering in 1948, sought deferment either as a student or as IV–F. At that time he made no claim as a conscientious objector. He was given a I–A–P (student) classification until June 1, 1949, at which time he was placed in I–A in the draft. In September, 1949, appellant married and was subsequently placed in a deferred status III–A because of such marriage. On August 25, 1951, appellant was advised that he had been reclassified I–A. Thereupon he filed claim for deferment as a conscientious objector. Appellant's local draft board forwarded his draft file to the state appeal board which rejected his claim as a conscientious objector and upheld the I–A classification. The case was then forwarded to the Department of Justice where, after a thorough and complete investigation, it was recommended that appellant's claim as a conscientious objector be upheld. Appellant then appeared before a Hearing Officer of the Department of Justice and presented his claim for deferred status as a conscientious objector. The Hearing Officer found that appellant was a bona fide member of the Jehovah Witnesses religious sect, sincere in his beliefs, and opposed to service in the armed forces because of such beliefs. The Hearing Officer therefore recommended that appellant be classified as a conscientious objector. However, the Assistant Attorney General, in reviewing appellant's file which contained the proceedings and testimony before the Hearing Officer, noted that appellant was not opposed to the use of force in defense of his life,

home, and fellow Jehovah Witnesses. He also noted that appellant did not claim to be a pacifist but, on the contrary, recognized the right and duty to fight when Jehovah commands him to do so, it then being a theocratic war. On the basis of this testimony, the Assistant Attorney General was of the opinion that appellant was not opposed to participation in war in any form and therefore advised that his claim as a conscientious objector be rejected. His recommendation was accepted by the state appeal board and the local board and appellant was ordered to report for induction.

■ Evidence that appellant sincerely believes the teachings of the Jehovah Witnesses religious sect, and because of such beliefs and teachings is conscientiously opposed to service in the armed forces stands unimpeached and uncontradicted in the record. He became interested in their religious doctrines while a student in college and was formally and publicly consecrated into the organization on August 3, 1950. Thereafter, on November 9, 1951, he filed his claim as a conscientious objector. It is made clear by the authorities, as well as by the Act itself, that successive deferments may be claimed on different grounds. Selective Training and Service Act of 1940, § 5(h), 50 U.S. C.A.Appendix, § 305(h); United States ex rel. Hull v. Stalter, 7 Cir., 151 F.2d 633; United States v. Graham, D.C., 109 F.Supp. 377. Section 305(h) of the 1940 Act is now contained in Section 456(k), 50 U.S.C.A.Appendix, § 456(k).

■ We are convinced that the appeal board, in accepting the opinion of the Assistant Attorney General, was applying an erroneous standard in determining whether appellant was conscientiously opposed by religious belief to participation in war in any form. A person's willingness to use force in self-defense is not a valid objection to denial of conscientious objector status where other evidence of his opposition to participation in war because of religious belief is undisputed. United States v. Pekarski, 2 Cir., 207 F.2d 930; Annett v. United

States, 10 Cir., 205 F.2d 689. Thus, the first of the two grounds upon which the local board based its ruling is rejected.

■ The second ground was that, since appellant approved of and apparently would participate in theocratic wars, he was not opposed to "participation in war in any form". Thus it is seen "war in any form" was construed to include theocratic wars. However, we are inclined to think that Congress did not intend such an unreasonable construction to be placed on this phrase. War, as we know it, and as the term is ordinarily used, means a flesh and blood conflict between nations; it is a struggle of violence by one political entity seeking to overcome or overthrow another political entity. Manifestly, Congress was legislating in regard to this type of conflict and was not, indeed, could not, concern itself with theocratic wars—that is, wars carried on by the immediate direction of God. The words, "in any form", obviously relate, not to "war" but to "participation in" war. War, generally speaking, has only one form, a clash of opposing forces. But a person's participation therein may be in a variety of forms. He may be carrying a rifle, piloting a plane, working in a clerical staff behind the lines, or working in a defense plant on the home front. We think Congress intended by this section to exempt those persons from serving in the armed forces whose religious beliefs were opposed to any form of participation in a flesh and blood war between nations. Whether a certain war is theocratic or not is a matter of religious belief into which we are forbidden to delve. Appellant's positive and uncontradicted testimony was that he was conscientiously opposed to participation in war because he regarded his duties to Jehovah as being superior to any duties arising out of human relationships. This testimony not being impeached, the test of the statute was met.

There being no evidence in the record sustaining the finding of the board that appellant was not conscientiously op-

posed by religious belief to participation in war in any form its order was void. The judgment of the lower court is reversed with directions to dismiss.

Reversed with directions to dismiss.