## PINE v. UNITED STATES.
### No. 6720.

United States Court of Appeals,
Fourth Circuit.

Argued March 15, 1954.

Decided April 5, 1954.

94

Hayden C. Covington, Brooklyn, N. Y. (A. L. Bivins, Newport News, Va., on the brief), for appellant.

R. R. Ryder, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a conviction and sentence for refusing to submit to induction into the armed services in violation of the provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. The case was tried by the judge below without a jury. Appellant admits that he refused to submit to induction but contends that the order under which he was required to report was void because arbitrary and capricious and without adequate basis in fact.

Appellant is a member of the sect known as Jehovah's Witnesses. He registered with a local Selective Service Board pursuant to the terms of the Universal Military Training and Service Act and duly claimed exemption from military service both as a conscientious

objector and as a minister of religion. Notwithstanding these claims, he was given by the local board the classification 1–A, which made him liable for full military training and service. He appealed from this classification to the Regional Appeal Board and, pending the appeal, a hearing was had by the Department of Justice and a recommendation made by the Department to the Appeal Board in accordance with section 6(j) of the Act, 50 U.S.C.A.Appendix, § 456(j), 62 Stat. 604, 612, amended, 65 Stat. 75, 86. The recommendation was that appellant, as a conscientious objector, be given the classification 1–O, which would exempt him from both combatant and non-combatant training and service. The Regional Appeal Board so classified appellant, who insisted, however, that he was entitled to classification as a minister of religion and appealed from the order of the Regional Appeal Board to the President. The matter was then heard by the National Selective Service Appeal Board which without further evidence and upon the file that had been before the Regional Appeal Board gave him the classification 1–A. It was under the order so classifying him that he was required by the local board to submit to induction. The facts relating to his classification are correctly and succinctly stated in the letter of recommendation from the Department of Justice to the Regional Appeal Board, which was in the file before the National Selective Service Appeal Board and is as follows:

"Registrant was born in Cortland, New York, on March 31, 1932. His parents have been active members of Jehovah's Witnesses for many years. Registrant was reared in this religious training and belief. At an early age he was given Bible instructions in the home and was also taken by his parents to Bible study classes conducted by Jehovah's Witnesses. In 1939, he entered the Watchtower Bible School in Cortland, New York. He was ordained a minister in the Jehovah's Witness organization in August, 1942. At the age of twelve he was made a pioneer minister of Jehovah's Witnesses and engaged in teaching the Bible and preaching from house to house in Mullins, South Carolina. In the early part of 1947, he was transferred to Newport News, Virginia, in the same capacity. At the end of 1947, he returned to Richville Springs, New York, where he completed his High School courses. In October, 1950, he was assigned to Newport News, Virginia as a full time pioneer minister and engaged in preaching in Church and private homes. During this time he was employed two days a week by the A & P Stores. Since August, 1951, registrant has been employed by the Newport News Shipbuilding and Dry Dock Company. His net weekly wage is $44.00. He has continued his religious activities on behalf of Jehovah's Witnesses to the present time.

"Registrant is considered by his neighbors and acquaintances in Newport News to be of good character and sincere in the pursuit of his religious studies and preaching as a Jehovah's Witness. References and neighbors in the vicinity of Cortland, New York, are of the opinion registrant is sincere in his belief as a conscientious objector. They describe him as a person of fine moral character and a devout member of Jehovah's Witnesses and state that the entire family enjoys an excellent reputation in the community. An acquaintance in Mullins, South Carolina, advised that registrant held Bible classes in her home twice a week for about two years. She remarked that registrant was able to explain the Bible thoroughly although he was only about twelve years of age at the time. In her opinion registrant is sincere in his religious beliefs; would spend the remainder of his life studying and

teaching the Bible and would endure anything for this type of work. The report of investigation contains no derogatory information concerning registrant. On the other hand the consensus of opinion of the persons interviewed is that registrant is a person of good moral character and reputation and is sincere in his belief as a conscientious objector. Registrant has stated that because of his religious training and belief he is conscientiously opposed to participating in war in any form.

"The evidence developed at the hearing shows that registrant is a member of Jehovah's Witnesses; that he began the study of the Bible under instructions of Jehovah's Witnesses when he was about ten years of age; that he has been actively engaged in preaching and teaching the Bible under the auspices of the Watchtower Society continuously since that time and that he is a conscientious objector to any form of military service including work contributing to the maintenance of the national health, safety or interest. The Hearing Officer stated that there is no question in his mind as to the sincerity of registrant's belief as a conscientious objector.

"After consideration of the entire file and record, the Department of Justice finds that the registrant's objections are sustained as to both combatant and non-combatant training and service. It is, therefore, recommended to your Board that the Registrant be classified in Class 1–O."

■■■■ An examination of the file shows that there is nothing therein contradictory of the facts stated in the foregoing recommendation and nothing upon which appellant could be denied his claim of exemption as a conscientious objector. The order giving him the classification 1–A, having no support in the record, is therefore void and the appellant was entitled to an acquittal since he could not be required to submit to induction under a void classification. The rule applicable was thus stated by the Supreme Court in the recent case of Dickinson v. United States, 346 U.S. 389, 396–397, 74 S.Ct. 152, 157:

"Local boards are not courts of law and are not bound by traditional rules of evidence; they are given great leeway in hearing and considering a variety of material as evidence. If the facts are disputed the board bears the ultimate responsibility for resolving the conflict— the courts will not interfere. Nor will the courts apply a test of 'substantial evidence.' However, the courts may properly insist that there be some proof that is incompatible with the registrant's proof of exemption. The local board may question a registrant under oath, subpoena witnesses to testify, and require both registrant and witnesses to produce documents. 32 C.F.R. § 1621.15. The board is authorized to obtain information from local, state, and national welfare and governmental agencies. 32 C.F.R. § 1621.14. The registrant's admissions, testimony of other witnesses, frequently unsolicited evidence from a registrant's neighbors, or information obtained from other agencies may produce dissidence which the boards are free to resolve. Absent such admissions or other evidence, the local boards may call on the investigative agencies of the federal government, as they would if a registrant were suspected of perjury. But when the uncontroverted evidence supporting a registrant's claim places him prima facie within the statutory exemption, dismissal of the claim solely on the basis of suspicion and speculation is both contrary to the spirit of the Act and foreign to our concepts of justice."

A case practically "on all fours" with that before the court is United States v.

Hartman, 2 Cir., 209 F.2d 366, 371, where the Court of Appeals of the Second Circuit, speaking through Judge Medina, said:

"A careful examination of the record compels us to conclude that the National Selective Service Appeal Board had no evidence before it to support the classification of appellant in Class I–A. Since there is no basis in fact for the I–A classification which was finally given appellant, the order to report for induction was a nullity. The order to report for induction being a nullity, appellant was guilty of no offense in refusing to submit to induction. In our view, the denial to appellant of the status of a conscientious objector was so arbitrary and capricious that the trial judge should have so held as a matter of law and granted appellant's motion for a judgment of acquittal. It is not necessary for us separately to inquire whether there is adequate basis in fact to support the denial of appellant's claim for exemption as a duly ordained minister, as this question is not before us in this case."

See also Goff v. United States, 4 Cir., 135 F.2d 610, 612; United States v. Pekarski, 2 Cir., 207 F.2d 930; Jewell v. United States, 6 Cir., 208 F.2d 770; Taffs v. United States, 8 Cir., 208 F.2d 329; Schuman v. United States, 9 Cir., 208 F.2d 801; Annett v. United States, 10 Cir., 205 F.2d 689.

■ Argument pro and con has been made as to whether appellant's testimony in the court below showed him to be a conscientious objector within the meaning of the act of Congress; but this was a question for the selective service boards, not for the trial court. Unless the order entered by them was void, it was the duty of appellant to submit to induction and nothing said by him in the trial court as to his conscientious beliefs could impair its validity. On the other hand, if the order was invalid, noth-ing done or said in the trial court could impart validity to it, although what was there said might in a proper case furnish ground for reclassification by the board. The rule was thus stated by the Supreme Court in Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567:

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612."

■ The case of Goff v. United States cited by the Supreme Court in the above quoted passage was a decision of this court, in which we held that the courts are given no power to review decisions of the draft boards but that invalidity of a board order could be asserted as a defense in a criminal action based on disobedience of the order.

■ Appellant does not contend before us that the order was void because not classifying him as a minister of religion; and it is argued, in support of the validity of the order of the National Selective Service Appeal Board, that appellant abandoned his claim to exemption as a conscientious objector by appealing from the order of the Regional Appeal Board, which gave him that classification, and asking for classification as a minister of religion. In our opinion, there is no merit whatever in this con-

tention. It is absurd to assume that appellant intended to abandon his claim to exemption as a conscientious objector because he sought by his appeal the more complete exemption allowed ministers of religion, and any such intention is effectively negatived by a statement contained in a letter accompanying the appeal wherein he said that he was opposed to fighting "combatant or non-combatant in any form". Furthermore, it is expressly provided in Local Board Memorandum No. 41 as amended that such an appeal as was taken by appellant does not constitute withdrawal of the claim of conscientious objector. Paragraph (b) of the memorandum is as follows:

"(b) When a registrant who has claimed conscientious objection has filed a written notice of appeal in which he appealed his classification solely on the basis of any other claim or claims, such action does not constitute a withdrawal of his claim of conscientious objection. For example, if in such a case the registrant appeals only as a minister, his claim of conscientious objection is not thereby withdrawn."

Counsel for the government cite in support of their position the case of Cox v. Fredericks, D.C., 90 F.Supp. 55,[1] but that decision was reversed in Cox v. Wedemeyer, 9 Cir., 192 F.2d 920, 922, the Court of Appeals saying, "We think the trial court erred in holding that Cox abandoned his right to be classified as a conscientious objector." In accord is the decision of the Court of Appeals of the Sixth Circuit in Jewell v. United States, supra, 208 F.2d 770.

For the reasons stated the judgment of the District Court is reversed and the case is remanded with direction to set aside the conviction and discharge the appellant.

Reversed.

1. They cite also United States ex rel. Altieri v. Flint, D.C., 54 F.Supp. 889, 894, affirmed on opinion below 2 Cir., 142 F.2d 62; but that case is not in point since it is stated in the opinion that, "after the appeal was filed", registrant "expressly abandoned claim to classification as a conscientious objector."