**UNITED STATES of America**

v.

**David Daniel STANKEWICZ.**

**Crim. A. No. 14009.**

United States District Court,
W. D. Pennsylvania.

Sept. 22, 1954.

John W. McIlvaine, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

Defendant, David Daniel Stankewicz, has been indicted for refusal to be inducted into the armed services of the United States of America in violation of Title 50 U.S.C.A.Appendix, §. 462. Defendant entered a plea of Not Guilty and waived his right to trial by jury. The case was accordingly tried to the Court without a jury.

At the trial the Government produced the file of Local Board No. 20, Pittsburgh, Pennsylvania, being its complete file in relation to this defendant. An examination of the file reveals that defendant prepared the Selective Service System Classification Questionnaire, which was received by his Local Board October 16, 1950. The questionnaire was returned for completion of Series III, Questions 1 and 2, and thereafter received and filed by the Board on October 23, 1950. In the questionnaire defendant stated that he was a minister of religion of the "Jehovah Witnesses" sect and had been

"brought up in such." He stated that he had been formally ordained on April 4, 1947; that he was attending the Theocratic Ministry School, Pittsburgh, Pennsylvania, and was a student preparing for the ministry under Watchtower Bible and Tract Society. He stated further that he was then and had been since June 1, 1949, employed as a clerk and stockkeeper by Allen Bradley Company of Pittsburgh, working on an average of twenty hours a week at the hourly wage of $1. The blank calling for an indication of his opinion as to which classification should be given to him was left unanswered. He stated that by reason of religious training and belief he was a conscientious objector opposed to participation in war in any form, and requested the Local Board to furnish him a special form for conscientious objectors (SSS Form No. 150), which he would complete and return to the Local Board for its consideration.

On October 23, 1950, the Board received SSS Form No. 150 on which the signature of defendant appeared under Paragraph (B), Series I, Claim for Exemption. In this special form for conscientious objector defendant stated that he had been a member of Jehovah's Witnesses since birth. Under Series IV, Question 2 (e), he stated:

"We have not creed, (sic) although the Bible admonishes all men not to participate in any worldly matters. Especially not to take another's life. Jesus said his servant would not fight, because he did not. Our fight is not with carnal weapons or physical things, but with principalities, the Bible is our guide as to whether we are or are not to share in war, it clearly teaches us not to."

On January 3, 1951, defendant was classified I-A by his Board.

On January 10, 1951, defendant requested that he be given a personal appearance. On January 29, 1951, he was notified that he would be granted a personal hearing on February 6, 1951. He was granted a hearing and at that time filed with the Board a number of affi-davits from members and officials of the Jehovah's Witnesses sect attesting to his activity in that organization. After further consideration, the Board continued the classification of defendant as I-A. On February 28, 1951, the Board received a letter from defendant appealing his classification of I-A.

On January 7, 1952, the Board forwarded to the defendant a new Selective Service System Questionnaire and a new SSS Form No. 150, being a special form for conscientious objectors. On January 14, 1952, the Board received the questionnaire and the SSS Form No. 150 executed, together with a number of additional exhibits, being affidavits, Watchtower publications, and notices of meetings conducted by the defendant. In this second questionnaire Series XIV, Conscientious Objection to War, was left unsigned. However, he did complete the SSS Form No. 150 and supported that by a number of the papers above referred to. As in the first questionnaire, defendant failed to indicate what classification should in his opinion be given to him and, as in the first SSS Form No. 150, Special Form for Conscientious Objector, he signed Series I (B), being Claim for Exemption.

On January 24, 1952, Lewis B. Hershey, Director of Selective Service, filed with the Local Board Notice of Appeal from the classification of I-A given the defendant.

On March 3, 1952, the Appeal Board having concluded that he was not entitled to a classification lower than I-O or to a classification of I-O, forwarded the file to the Department of Justice for an advisory recommendation. On March 5, 1952, the United States Attorney advised the Appeal Board that the complete file in the case had been referred to the Federal Bureau of Investigation as directed by Selective Service Regulations.

Following his appeal, defendant filed a lot of additional papers including one from Watchtower Bible and Tract Society, Incorporated, dated December 29, 1951, certifying that the defendant had

been duly ordained, in accordance with the practice prescribed by that Society, May 4, 1948; that he presently officiated as assistant presiding minister of the Central Unit, Pittsburgh, Pennsylvania, Congregation of Jehovah's Witnesses; that he regularly and customarily engages in preaching the doctrines and principles of Jehovah's Witnesses as a missionary evangelist; that he was authorized and employed to perform baptismal and burial rites; that since August 25, 1951, he has been serving as Territory Servant for the foregoing Congregation.

Subsequently, he was accorded a hearing before the Hearing Officer.

Under date of April 3, 1953, the Special Assistant to the Attorney General forwarded to the Appeal Board his advisory recommendation. This paper stated that although the F.B.I. report established for the defendant a good reputation and affiliation with Jehovah's Witnesses; that the Hearing Officer had found the defendant to be an adherent of the Jehovah's Witnesses sect; that he believes in its tenets and has no other personal belief upon which to found his conscientious objection to war; that he (the Hearing Officer) further found the beliefs he holds are those promulgated by the Watchtower Bible and Tract Society and that consequently he believes only in a theocratic government; that he believes that civil government is an enemy of the Supreme Being and that any service rendered to the State is inimical to Jehovah and that participation in war would be service to a power; that he is not opposed to killing in self-defense or in defense of his family or property or of other Jehovah's Witnesses; that he is not a pacifist; that he believes the present war is a war of conquest and material gain and, therefore, in violation of the everlasting covenant; that he would fight in a war authorized by the Supreme Being; that based upon the findings of fact and evidence in the file and the F.B.I. report, the Hearing Offi-

cer concluded that the defendant does not qualify for exemption within the meaning of the Act since he has failed to establish that his beliefs include opposition to participation in war in any form. The Department of Justice then concluded that defendant's objections to combatant and non-combatant service were not sustained and accordingly recommended that the claim for exemption for both combatant and non-combatant training and service be not sustained.

The recommendations of the Department were reviewed by the Appeal Board April 22, 1953, which on that date classified the defendant I-A. Thereafter, July 21, 1953, the defendant refused to be inducted. He was indicted and the present trial resulted.

At the trial the Chairman of the Local Board testified, inter alia, as follows:

"Q. Do you recall, Mr. Stankewicz putting in an appearance? A. I do.

"Q. Can you tell the Court what ensued after Mr. Stankewicz appeared? A. Mr. Stankewicz began to explain that he was a minister of the gospel, and he immediately began to read from his Bible. And we told him that at no time had we ever received any communication from the Selective Service stating that a Jehovah's Witness was a minister; that we were going to keep him in 1-A. He continued to read and we were there about an hour."

■ Our function here is not to weigh the evidence to determine whether the classification made by the Local Board was justified but rather to ascertain if there is no basis in fact for the classification given defendant[1] and "to search the record for some affirmative evidence to support the local board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities."[2]

■ The undisputed evidence in this case clearly indicates that the defendant

1. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567.

2. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157.

**30**

is a bona fide member of the sect known as "Jehovah's Witnesses" and because of his belief in the teachings of that sect is conscientiously opposed to military service. The printed portion of the questionnaire under the caption "Registrant's Statement Regarding Classification" reads in part as follows:

"Instructions.—It is optional with registrant whether or not he completes this statement, and failure to answer shall not constitute a waiver of claim to deferred or other status. *The local board is charged by law to determine the classification of the registrant on the basis of the facts before it, which will be taken fully into consideration regardless of whether or not this statement is completed.*" (Emphasis supplied.)

The registrant did not complete this statement.

Whether or not defendant was entitled to any consideration for a IV-D (minister of religion or divinity student) classification, certainly, according to the testimony of the Chairman of the Board, there was no basis in fact or in law for the rationale used by the Board in the disposition of that question.

 The Department of Justice based its recommendation that defendant's claim for exemption from combatant duty be denied in its entirety on his acceptance of the principles of theocratic warfare; that since he approved of, and apparently would participate in, theocratic wars, he was not opposed to "participation in war in any form", thus construing "war in any form" to include theocratic wars. This construction has been held unreasonable and untenable and must be rejected.[3]

 A careful examination of the record in this case, in the light of the directives of the Estep and Dickinson opinions, points unmistakenly to the conclusion that the Appeal Board had no evidence before it to support the classification of defendant in Class I-A.

Therefore, since there is no basis in fact for the I-A classification which was given defendant, the order to report for induction being a nullity, defendant was guilty of no offense in refusing to submit to induction.

Having searched the record for some affirmative evidence to support the Local Board's overt or implicit finding that defendant has not painted a complete or accurate picture of his activities, none has been found.

Defendant's motion for judgment of acquittal will be granted.

---

3. Taffs v. United States, 8 Cir., 208 F.2d 329, 331; United States v. Hartman, 2 Cir., 209 F.2d 366, 368; United States v. Hagaman, 3 Cir., 213 F.2d 86.