Albert CLEMENTINO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13918.

United States Court of Appeals
Ninth Circuit.

Sept. 27, 1954.

Harold Shire, Beverly Hills, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Manuel L. Real, Manley J. Bowler, Hiram W. Kwan, Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

Clementino was found guilty of a violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., in knowingly failing and refusing to be inducted into the armed forces. Upon this appeal one of his contentions is that the action of the Selective Service Appeal Board in placing him in Class I-A, that is to say, available for military service, was arbitrary, capricious, without basis in fact, and made in disregard of the applicable Selective Service regulations.

Clementino claimed both a ministerial and a conscientious objector exemption.[1] He had a personal appearance before the local board. That board placed him in Class I-A-O, that is to say, for noncombatant service in the armed forces. He appealed to the board of appeal and after a preliminary determination by that board that he was not entitled to a conscientious objector classification, his file was referred to the Department of Justice for inquiry and hearing. He had

the usual hearing before a hearing officer designated by the Department; and the hearing officer's report was forwarded by the Department of Justice to the appeal board with the statement that the hearing officer's report was enclosed for consideration by the board and "this department concurring in the recommendation she has made." The hearing officer's report, after reciting the history of Clementino's activities as a member of Jehovah's Witnesses, and setting forth the affidavits and witnesses which he had produced before the hearing officer, recited: "All testimony was to the high character of the work being done by registrant and his absolute sincerity and religious conviction. The Report of the Federal Bureau of Investigation is in accord with the information developed at the hearing. Registrant has been reared as a worker in the faith. He is particularly zealous of his position as Minister. All neighbors speak well of him. Employers state services satisfactory. One neighbor stated that registrant's two older brothers had been in a Conscientious Objectors camp in the last war." Thereupon the hearing officer stated the following conclusion: "The Hearing Officer concludes that the matter of the registrant's Classification on the grounds of Conscientious Objections is not the prime concern of registrant. Said registrant wishes his Classification as an "Ordained Minister; therefore, the Hearing Officer recommends, Recommendation that Registrant's appeal, based upon the grounds of Conscientious Objections, be not sustained." The appeal board thereupon placed Clementino in Class I-A.

We think that the record compels a conclusion that the action of the appeal board was based and predicated upon this report of the hearing officer, concurred in by the Department of Justice. Cf. Hinkle v. United States, 9 Cir., 216 F.2d 8. In following the conclusion and recommendation of the Department and

1. Upon this appeal it is not contended that his showing of ministerial status was so conclusive that a denial of that classification would be without basis in fact.

of the hearing officer, the board in effect rejected the claim of conscientious objection on the ground that the registrant was interested only in a ministerial classification and the conscientious objector classification was "not the prime concern of registrant".

This was the conclusion of the hearing officer, the Department of Justice, and the appeal board notwithstanding the finding as to the high character of registrant's religious work, and his sincerity and religious conviction. These findings recited an extensive family background of activity in the Jehovah's Witnesses on the part of registrant's father and mother as well as the fact that the two brothers had been in conscientious objectors camp.

Under these circumstances we are obliged to conclude that the appeal board was led into the same error and disregard of regulations which occurred in Cox v. Wedemeyer, 9 Cir., 192 F.2d 920. It is plain that here, as in the case of Cox, "The appellant never had a hearing before the board of appeal upon the question of whether he was entitled to a IV-E classification." 192 F.2d at page 923. Indeed, here the board went even further than in the Cox case in that it took away from Clementino the I-A-O classification he had been given by the local board. As we pointed out in the Cox case, it was the duty of the board of appeal if it found Clementino not entitled to claim ministerial exemption to consider the next claim presented by the registrant. This, as we have indicated, the record shows was not done.

As in the Cox case, our decision here is not predicated upon any determination upon our part that there was no basis for the classification made. Our conclusion that the induction order was not one which the appellant was obliged to obey, is based upon the failure of the board of appeal to consider the question of the registrant's right to a conscientious objector classification.

The judgment is reversed.