**UNITED STATES v. WILSON.**
No. 11086.

United States Court of Appeals,
Seventh Circuit.

July 15, 1954.

Rehearing Denied Sept. 28, 1954.

Hayden C. Covington, Brooklyn, N. Y., Victor F. Schmidt, Columbus, Ohio, for appellant.

Jack C. Brown, U. S. Atty., Robert J. Wilson, Indianapolis, Ind., Stephen Leonard, Anderson, Ind., and William H. Sparrenberger, Asst. U. S. Attys., Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

The defendant, Kendall K. Wilson, was indicted for refusing to submit to induction into the armed forces of the United States in violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. The case was tried by the court below without a jury, the defendant was found guilty, and the judgment was entered from which this appeal is taken.

The defendant is a member of the religious organization known as Jehovah's Witnesses. He first registered with Local Selective Service Board No. 18 at Goshen, Indiana, and duly claimed exemption from military service both as a minister of religion and as a conscientious objector. The defendant was employed as a railroad telegraph operator, but information filed with the board showed that he had enrolled in the theocratic ministry school and was an ordained minister of Jehovah's Witnesses. The defendant certified to the board that because of his religious training and belief he was conscientiously opposed to participation in war in any form and to noncombatant training or service in the armed forces. He stated that he believed in a Supreme Being whose law was superior to any law made by man, and that the sources of his religious training and belief were the Bible, courses in theocratic ministry sponsored by the Watchtower Bible and Tract Society and the literature published by that organization. He stated further that he was not a pacifist, and that although he would not fight in the wars of this world he would fight for a theocratic government, and he gave a Biblical reference as support for his belief in this respect.

The defendant was classified by the local board at Goshen as a conscientious objector. He appealed from this classification, asking that he be classified as a minister, but the appeal board again classified him as a conscientious objector. His file was then sent to the National Director of Selective Service, who held that since the defendant was a resident of De Kalb County the local board at Goshen did not have jurisdiction to classify him, and the case was therefore ordered transferred to Local Board No. 15 at Auburn, Indiana.

The file was then forwarded to the local board at Auburn, and the defendant was duly registered there. He filled out a classification questionnaire and submitted various information substantially identical to that already contained in his file. The board placed him in Class I–O, the conscientious objector classification which made him liable for the performance of civilian work contributing to the national welfare. The defendant, stating that this was not the classification to which he thought he was entitled, then requested a personal appearance, and this was granted. Following this, the defendant was notified to appear before a Government appeal agent, Mr. Harold D. Stump, for an interview concerning his request for a minister's classification.

As disclosed by a memorandum of this interview, the registrant stated to the appeal agent that he worked regularly as a railroad telegraph operator on a 40 hour per week basis, but that he considered his real occupation to be that of a minister of the gospel as proclaimed by the Watchtower Bible and Tract Society. He gave the history of his theological training and background, and then stated

"that he would accept only a IV–D classification and would go to jail rather than to accept any other classification." (Class IV–D is the ministerial classification.) When asked a hypothetical question as to whether he would continue his job if he knew that the trains operated by the railroad were carrying troops to combat service, he stated that he would do so unless the battle front was near his place of employment. When asked how, as a part of his job, he could assist in the routing and scheduling of trains carrying troops to the west coast for overseas combat duty, he stated that so long as he was not told directly that such was their destination he could see no relation between his job and the war effort. He stated finally that there was no capacity in which he could serve so long as it required wearing the uniform of the United States.

The defendant was again classified I–O, by a unanimous vote of the local board, and he was so notified. He appealed from this classification, and the appeal board likewise placed him in Class I–O by a unanimous vote. The defendant then had his file sent to the National Director who took an appeal to the President. The matter was considered by the National Selective Service Board which, without further evidence and without stating any reasons therefor, classified the defendant I–A (available for military training and service). It was pursuant to this classification that the defendant was ordered to report for induction, which he did, refusing however to submit to induction.

■ At the close of all the evidence in the trial below the defendant filed with the District Court a motion for judgment of acquittal based, in part, upon the theory that the national appeal board acted without basis in fact in denying his claim of exemption as a conscientious objector. That is the argument upon which the defendant relies here, and he contends, accordingly, that the I–A classification and the ensuing order to report for induction were void. We think the defendant's position is sound.

The Supreme Court held, in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, that where a registrant has made a prima facie case for exemption, his file must contain affirmative evidence to support a finding that he is not entitled to the relief sought. Here the defendant duly sought exemption and submitted information in support of his claim. Both the local board, before which he appeared personally, and the appeal board voted unanimously to classify him as a conscientious objector. An examination of his file shows that it contains no affirmative evidence which is inconsistent with that classification. But the national appeal board, without seeing the defendant and acting only on his file, classified him as I–A. Therefore, this classification was without basis in fact. The situation here is almost identical to that in Jewell v. United States, 6 Cir., 208 F.2d 770, at page 771, where the court stated: "In view of the complete lack of evidence to contradict the findings of the two lower Boards, we hold that the ruling of the National Selective Service Appeal Board classifying each of the appellants in I–A was arbitrary and capricious and without basis in fact."

■ It is contended by the Government, however, that the defendant abandoned his claim to exemption as a conscientious objector by appealing from the I–O classification and by his avowed refusal to accept any classification other than that of a minister. This contention is wholly without merit. In Pine v. United States, 4 Cir., 212 F.2d 93, 96, as in this case, the registrant was conscientiously opposed to military service in any form " 'including work contributing to the maintenance of the national health, safety or interest.' " And in that case, as here, the registrant had appealed from a I–O classification seeking a minister's status. In response to an argument similar to that advanced by the Government here, the court stated:

"It is absurd to assume that appellant intended to abandon his claim to exemption as a conscientious objector because he sought by his appeal the more complete exemption allowed ministers of religion * * *." Moreover, Board Memorandum No. 41, as amended, quoted by the court in the Pine case, expressly provides that an appeal under such circumstances does not constitute withdrawal of a claim of conscientious objection. To the same effect see Jewell v. United States, supra; Cox v. Wedemeyer, 9 Cir., 192 F.2d 920. We very recently rejected a similar argument in United States v. Close, 7 Cir., 215 F.2d 439.

■ The Government suggests also that the defendant's willingness to fight for a theocratic government was a basis in fact for denying him the status of a conscientious objector. However, we held in the Close case that a registrant cannot be denied such an exemption under the Act simply because he is not a pacifist and is not opposed to participation in theocratic wars. This is in accord with many recent decisions. Annett v. United States, 10 Cir., 205 F.2d 689; United States v. Pekarski, 2 Cir., 207 F.2d 930; Taffs v. United States, 8 Cir., 208 F.2d 329; United States v. Hartman, 2 Cir., 209 F.2d 366; Jessen v. United States, 10 Cir., 212 F.2d 897; United States v. Hagaman, 3 Cir., 213 F.2d 86.

■ Neither do we think the defendant's employment as a railroad telegraph operator was in any way inconsistent with his claim to exemption as a conscientious objector. Section 6(j) of the Act, 50 U.S.C.A.Appendix, § 456(j), provides exemption for persons conscientiously opposed to "participation in war in any form." It would be wholly unrealistic to construe this language to mean that a person whose civilian employment indirectly contributed to the war effort could not, therefore, meet the statutory test for exemption. Such a construction of the Act would completely nullify the provisions granting exemption to conscientious objectors, for it is difficult to conceive of any gainful activity which, in periods of extensive mobilization and training, would not in some manner aid the common purpose. Moreover, the Act expressly recognizes that one may engage in civilian work contributing to the national welfare without thereby losing the right to be classified as a conscientious objector. Section 6(j) provides that persons conscientiously opposed to noncombatant service in the armed forces shall be ordered to perform "such civilian work contributing to the maintenance of the national health, safety, or interest" as may be considered appropriate by the local board. It is perfectly clear in this case that the nature of the defendant's civilian occupation could not be a basis in fact for denying him the status of a conscientious objector.

■ The record here before us reveals no lawful basis for the national board's classification. The defendant's veracity was not challenged, and there is no evidence incompatible with his proof of exemption as a conscientious objector. In these circumstances we think it is pertinent to note the language of the Supreme Court in Dickinson v. United States, supra, 346 U.S. at page 397, 74 S.Ct. at page 158: " * * * when the uncontroverted evidence supporting a registrant's claim places him prima facie within the statutory exemption, dismissal of the claim solely on the basis of suspicion and speculation is both contrary to the spirit of the Act and foreign to our concepts of justice." See also Schuman v. United States, 9 Cir., 208 F.2d 801.

The judgment of the District Court is Reversed and the cause is remanded with instructions to dismiss the indictment.

SCHNACKENBERG, Circuit Judge (concurring).

It is clear that this record contains a basis in fact to support the selective service boards' denial of defendant's claim to

exemption as a minister. Such controlling facts as were held to entitle the defendant to such an exemption in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, are lacking in the instant case.

As to defendant's claim to exemption as a conscientious objector, we have pointed out that probing a man's conscience is, at best, a speculative venture. Affiliation with a particular religious sect does not *per se* entitle a registrant to conscientious objector status. The duty imposed on the boards is to determine subjectively and objectively the *sincerity* of the individual's belief, not the nature of the teachings of any religious faith. Each case must stand or fall on its own facts. United States v. Simmons, 4 Cir., 213 F.2d 901.

It is true that in the case at bar defendant's claim to deferment as a conscientious objector rests on his uncorroborated testimony, while in United States v. Close, 7 Cir., 215 F.2d 439, a similar claim was supported by affidavits of various persons, as well as the registrant's testimony. However, if credible and sincere, a registrant's uncontradicted testimony, although uncorroborated, may not be disregarded. The service boards in Indiana, through his personal appearance before them, had an opportunity to observe his demeanor, which is not reproduced in the record. They evidently believed him, as shown by their classifying him I–O. On the other hand, the national appeal board had no such opportunity for personal observation. It had no basis in fact upon which to hold that he was not a conscientious objector and therefore it had no authority to reclassify him in I–A. Such a conclusion is supported by Taffs v. United States, 8 Cir., 208 F.2d 329 certiorari denied 347 U.S. 928, 74 S.Ct. 532, and United States v. Hagaman, 3 Cir., 213 F.2d 86 (C.C.A. 3rd, May 13, 1954, time for certiorari not expired).

I therefore concur in the majority opinion in reversing the judgment of the court below.