William Edward **FRANKS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14114.

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1954.

Hayden C. Covington, Brooklyn, N. Y., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

This appellant was indicted for a violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., in that he knowingly refused to submit himself to induction into the armed forces of the United States. Upon this appeal he asserts that the board which classified him for military service acted arbitrarily; that there was no basis in fact for his I–A classification, and that in general he owed no duty to submit to induction in that his draft classification was void.

The appellant registered with his local board on April 27, 1950, the day following his 18th birthday. By executing the blank form provided for conscientious objectors he asked to be classified in what was formerly known as Class IV–E and subsequently as Class I–O,—Person conscientiously opposed to both combatant and noncombatant training and service in the armed forces. His local board first classified him in Class I–A (available for military service), whereupon he requested and was granted a personal appearance before the board. He was again classified I–A and appealed to the appeal board. In due course his file was forwarded to the Department of Justice for an investigation and he was granted a hearing before a hearing officer.

The report of the hearing officer discloses that at the time of the appellant's hearing the officer had received an FBI report concerning the registrant; the hearing officer refers to that report, and to information contained therein, all of which was favorable to the registrant. The report refers to the appellant's personal appearance at the hearing accompanied by four witnesses; it summarizes his statement as to his occupation, and then states:

"His accompanying witnesses were very positive that the registrant is a genuine conscientious objector, both as to combatant and non-combatant military service. On the whole, the Hearing Officer was impressed with the sincerity of the registrant; however, the depth and

maturity of his sincerity is questionable, because, in response to questions propounded by the Hearing Officer, the registrant stated that if there were no other work available, he would be willing to accept employment in a Naval Shipyard.

"In the circumstances it is felt that the registrant is not completely motivated by deep religious conviction in his professed opposition to participation in war."

Thereafter a special assistant to the Attorney General for the Department of Justice forwarded to the appeal board the hearing officer's report with the statement that the Department concurred in the recommendation there made. Thereupon the appeal board gave the appellant the recommended classification of I–A, and the refusal to submit to induction followed.

The portions of the hearing officer's report quoted above would seem to indicate that the registrant's sincerity was credited by the officer but that the reason for the officer's disapproval of a conscientious objector classification was the registrant's statement that he would be willing to accept employment in a naval shipyard. If this was the sole reason for denial of the conscientious objector claim, we would experience some difficulty in perceiving why that would be a reason for denying the registrant not merely the complete conscientious objector classification, the I–O, but the I–A–O as well. It would appear just as a matter of logic that while a willingness to work in a naval shipyard might tend to show that the registrant was not conscientiously opposed to noncombatant service, yet such attitude with respect to employment would not be inconsistent with an attitude of conscientious objection to combatant service.

There is nothing in the hearing officer's report or in the Department's letter to the appeal board, or in the minutes of the appeal board itself, to indicate that any of these parties had given any consideration to the possibility of a classification of this registrant in Class I–A–O.

Whether the records to which we are now about to refer had any influence upon the result just mentioned or not, we think that some importance must be attached to what transpired before the local board at the time of registrant's personal appearance there.

The minutes of the meeting at which appellant made his appearance are extensive and contain in question and answer form what purports to be a verbatim report of a discussion between the registrant and the chairman of the board. In the course of that discussion the following interrogation took place:

"Mr. LaRue: Ministers of other faiths feel as strongly as you do regarding killing but they go into battle just the same. A I–A–O classification is one that is given to those who are willing to serve their country but who are not subject to combatant training and service.

"Franks: According to 2 Corinthians, Chapter 5, 20th verse, I believe I would be a traitor to God if I went to service as a I–A–O." [1]

Following the questions and answers the board's minutes conclude as follows: "Board considered all the evidence * * Franks did not want consideration as a I–A–O. Board voted unanimously that Franks should be classified I–A as in accordance with Selective Service Regulations they could not consider and did not consider him a true Conscientious Ojector as described in the Regulations. Clerk was instructed to mail a I–A Classification Card (SSS Form 110)."

This final paragraph has caused us considerable difficulty. It might be suggested that the words "Franks did not want consideration as a I–A–O" were used by the board in the sense that "Franks admits he is not a conscientious objector." But the record before the local board discloses no basis in fact for such a conclusion. There is no sugges-

1. The verse referred to begins: "We are ambassadors, therefore, on behalf of Christ. * * *"

tion that the board doubted his sincerity, any more than did the hearing officer on his later appearance there. We think rather that this language of the board discloses that it did not consider classifying Franks I–A–O because he did not want to be so considered or classified. The paragraph suggests that the board might have so classified him had he not taken that attitude.

Evidently counsel for the Government takes this view of what transpired for their brief twice states that Franks "refused classification as a I–A–O." In their argument before the trial court they indicated that the local board gave no consideration to the question of classifying Franks I–A–O, saying: "Now, in relation to the I–A–O classification, it must be remembered that the registrant told the local board that he didn't want it anyway, he wouldn't accept it. The local board had before it, 'shall we give him the IV–E now, the I–O, or shall we place him in I–A?' "

The fact that the chairman of the board broached such a classification in questioning Franks, and the fact that Franks made a strong and substantial showing of conscientious objection at least so far as combatant service is concerned, leaves the record open to the interpretation that the board did not consider giving him a I–A–O classification for the reason that he waived and refused it.

■ In a criminal prosecution of this kind, the burden is upon the Government to establish the validity of the induction order, and if the matter which we here mention has a bearing upon that validity, (which we will discuss hereafter), then we must view the record in the light most favorable to the appellant as we proceed to construe its meaning.

We have a somewhat similar problem in Mar Gong v. Brownell, 9 Cir., 209 F.2d

448, 450, where certain language used by the court, not in its findings, but in its opinion, created "the impression that the findings are predicated upon considerations other than the evidence given in this particular case." So here we have the impression that the local Board did not give any consideration to the problem of placing appellant in I–A–O because he was demanding something better and refused or waived such a classification.

We are not unaware of the high probability that Franks, had he been classified I–A–O, would nevertheless have refused induction and ultimately found himself indicted in much the same manner as has happened here. Perhaps the local board and the hearing officer and the appeal board also had the feeling that they might as well classify the appellant as I–A for the reason that like other Jehovah's Witnesses he would probably refuse induction as a I–A–O.

■ It is our view, however, that it was not for the local board, any more than it is for this court, to say that the registrant should not be placed in a certain classification merely because he did not want that classification or was seeking a lower class or would probably refuse to acquiesce in such a classification.[2] At the time of the local board's classification, the Regulations, Title 32, Sec. 1623.2, provided as follows: .

"Upon undertaking to classify any registrant, unless grounds are established to place the registrant in Class I–C under the provisions of Sec. 1622.7 of this chapter, the registrant shall be classified in the lowest class for which he is determined to be eligible with Class I–A considered the highest Class and Class V–A considered the lowest class according to the following table: * * *." (In the table Class I–A–O is listed below Class I–A).[3]

2. It cannot be demonstrated to a certainty that this registrant would not have changed his mind and accepted a I-A-O classification when he found that that was the best he could do.

3. The same numbered regulation in effect at the time the appeal board classified registrant was substantially similar.

If some doctrine of waiver by the registrant were to be applied by the local board, then the mere fact that the registrant was claiming a lower classification than he was entitled to, could be used as a basis for classifying any registrant I-A. In Cox v. Wedemeyer, 9 Cir., 192 F.2d 920, we rejected and disapproved a similar suggestion in respect to classifications by an appeal board.[4]

 The construction which we have here placed upon the minutes of the local board leads us to believe that that board failed to give to this appellant the required consideration as to whether he should be classified in I-A-O. What Franks had to say about the subject in no manner altered the duty of the local board to follow the Regulation.

 The next question is whether in view of the fact that Franks took an appeal and was finally classified by the appeal board, any failure to comply with this regulation by the local board was cured under the doctrine of Cramer v. France, 9 Cir., 148 F.2d 801; Tyrrell v. United States, 9 Cir., 200 F.2d 8, and Reed v. United States, 9 Cir., 205 F.2d 216. We think that such was not the case. In White v. United States, 9 Cir., 215 F.2d 782, we pointed out the fact that in consideration of a claim of conscientious objection and of the question whether a registrant should be so classified, the personal appearance of the registrant before the local board is of major and commanding importance. The appeal board, notwithstanding it has the aid of a written report from a hearing officer, has no similar opportunity to judge of the genuineness, the sincerity and the extent of a registrant's conscientious objection to military service. Therefore a registrant who fails to have a fair chance for his proper classification on his appearance before the local board has been denied something which cannot be cured through the action of the appeal board. Such was our holding in Knox v. United States, 9 Cir., 200 F.2d 398.[5]

 This brings us to the conclusion that the failure of the local board to comply with the regulation referred to renders the registrant's classification and his induction order invalid. It was encumbent upon the United States in this prosecution to prove a valid induction order as a basis for appellant's conviction. While the precise reasons for the invalidity of the order which we have here discussed were not developed in detail in appellant's brief, we think that the conviction notwithstanding this disregard of the Regulations constitutes a plain error within the meaning of Rule 52(b) of the Rules of Criminal Procedure, 18 U.S.C.A. As such error affects the substantial rights of the appellant, we hold that the judgment must be and is reversed.

4. Pine v. United States, 4 Cir., 212 F.2d 93, 98, in citing Cox v. Wedemeyer, supra, also refers to Local Board Memorandum No. 41, to the same general effect.

Cf. Clementino v. United States, 9 Cir., 216 F.2d 10.

5. Other cases in which the failure of the local board to comply with regulations was not cured by the action of an appeal board are United States v. Fry, 2 Cir., 203 F.2d 638, and United States v. Stiles, 3 Cir., 169 F.2d 455.