Jackie Lee **HINKLE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 14163.

United States Court of Appeals
Ninth Circuit.

Sept. 24, 1954.

J. H. Brill, San Francisco, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

Hinkle was found guilty of a violation of the Universal Training and Service Act, 50 U.S.C.A. Appendix, § 451 et seq., in that he knowingly refused to submit to induction. Upon this appeal from the judgment of conviction he asserts there was no basis in fact for not classifying him as a conscientious objector in accordance with his claim to exemption from military service upon that ground. By executing the form provided for that purpose and filing it with the local board, he claimed that he was opposed to both non-combatant and combatant military service, and that this opposition was based upon his religious belief as a member of Jehovah's Witnesses. The local board classified him in Class I-A, that is to say, as available for military service. He appealed his classification; his file was forwarded to the appeal board, and the case was referred to the Department of Justice. Following a hearing before a hearing officer the Department made a report and recommendation to the appeal board. The Department, in making its recommendation as to the action of the appeal board, stated that it found, on the basis of the hearing officer's report, that Hinkle was reared in the Jehovah's Witnesses faith; that he based his opposition to war upon parental guidance and Bible study under the auspices of his church. On the basis of reports from available sources it was stated that Hinkle was "honest, sincere and of excellent character". No derogatory information was developed by the FBI. Notwithstanding all this, the hearing officer and the Department of Justice found that Hinkle was not within "the category of a true conscientious objector" first, because he had stated in answer to questions that he believed that he might kill in self defense and in the protection of his home, and second, because he expressed a belief in the justification of theocratic warfare of the kind described in the Old Testament.[1]

The Department expressed the view that under these circumstances Hinkle was not within the exemption provided for by the Act "which requires objection to participation in war in any form".[2] The appeal board, acting upon this recommendation, classified Hinkle in I-A.[3]

In the posture in which the case reaches us we are obliged to conclude that the action of the board of appeals was based and predicated upon the report of the Department of Justice here referred to. It was not based upon any personal appearance of Hinkle before the members of the appeal board, and we are obliged to conclude that the findings of the Department in substance became the findings of the board of appeals.

---

1. The record here fails to contain the Selective Service file which was introduced below and which includes the record of these recommendations. However, they are quoted at length by appellant and appellee does not question the accuracy of the quotations.

2. "Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." § 6(j)

Title I of the Selective Service Act of 1948 as amended by § 1(q) Title I of the Universal Military Training and Service Act of June 19, 1951, 65 Stat. 76, 86; 50 U.S.C.A.Appendix, § 456(j).

3. As the appellant's final classification was that given him by the appeal board, the question here arises upon the validity of that board's action; the preceding classification is not in issue. United States v. Hartman, 2 Cir., 209 F.2d 366, 368, citing Reed v. United States, 205 F.2d 216 and Tyrrell v. United States, 200 F.2d 8, both decided in this court.

Viewed in that light the inference is that the appellant was found by the board to be sincere and in possession of beliefs religious in character which led him to oppose participation in war. The question then is whether Hinkle's expressed belief in his right to defend himself and his family through the use of force and his belief in the righteousness of theocratic warfare as described in the Bible, negative a conscientious objection to participation in war in any form. The appellant contends that the board's finding that it does is arbitrary, capricious and without basis in fact.

We note here that there is no basis for a finding of insincerity or of sham or of fakery. Admittedly all of the beliefs and views of the appellant were sincere and genuine. Can it then be said that a belief in a right of self-defense or a belief in the righteousness of the theocratic wars of the Old Testament place the appellant outside the exemption of the statute?

This question has been considered in Taffs v. United States, 8 Cir., 208 F.2d 329; United States v. Hartman, 2 Cir., 209 F.2d 366, and Annett v. United States, 10 Cir., 205 F.2d 689.

We do not think that Congress in using the words "participation in war in any form" contemplated the sort of self defense of an individual or his family or the theocratic warfare described in the Bible as coming within the meaning of that phrase. See in particular what was stated with respect to this in United States v. Hartman, supra, 209 F.2d at page 370.

Accordingly, since we are in agreement with what was said on this subject in the cases last cited, we hold that the appellant's classification in I-A was without basis in fact and therefore his conviction cannot be sustained.

The judgment is reversed.