**Gary Edward GOETZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14185.**

United States Court of Appeals,
Ninth Circuit.

Oct. 14, 1954.

J. H. Brill, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY and POPE, Circuit Judges, and YANKWICH, District Judge.

POPE, Circuit Judge.

Goetz was charged in an indictment with a violation of the Universal Military Training and Service Act, 50 U.S. C.A.Appendix, § 451 et seq., in that he knowingly refused to be inducted into the armed forces. Upon this appeal from his conviction he asserts that his classification by the Selective Service boards was without basis in fact; that the action of the boards was arbitrary and capricious; and that he was denied the hearing required by the Selective Service Regulations.

In the papers filed with the local board Goetz claimed to be a minister of religion and also that he was conscientiously opposed to both combatant and noncombatant military service. The local board classified him in I–A–O (conscientious objector available for noncombatant military service only). He requested and was granted a personal appearance before the board which continued him in I–A–O. He appealed to the appeal board which referred his file to the Department of Justice for a hearing and recommendation. Under date of October 1, 1952, the Department of Justice by a Special Assistant to the Attorney General, reported to the appeal board that after a hearing by the Department's hearing officer, the Department recommended that Goetz's claim for exemption from both combatant and noncombatant training and service be not sustained. This letter set forth that the registrant was a Jehovah's Witness; that he based his claim for exemption on the teachings of that sect and his own interpretations of the Bible; that his conduct had been excellent; that his behavior had been good; that he had always manifested an active interest in the Jehovah's Witnesses activities; his scholastic record was above average; he had observed the rules of good sportsmanship; and information obtained from neighbors indicated that he was a sincere young man of good reputation. It was reported that his corroborating witnesses described him as sincere, conscientious and a bona fide conscientious objector. The letter then proceeded: "In response to questioning by the Hearing Officer registrant stated that he would be willing to accept civilian work in a military reservation. The Hearing Officer felt that, in the main,

272

registrant is sincere, well-behaved and conscientious, but concluded that his willingness to accept civilian employment in the military arm of the Government is inconsistent with his professed religious beliefs. He, therefore, recommended that registrant not be exempted. After consideration of the entire file and record, the Department of Justice finds that the registrant's objections to combatant and noncombatant service are not sustained. It is, therefore, recommended to your Board that registrant's claim for exemption from both combatant and noncombatant training and service be not sustained."

Upon receipt of this recommendation the appeal board placed the appellant in Class I–A, that is to say, available for full military service. Thereafter, and upon the basis of this classification by the appeal board, Goetz was ordered to report for service and his refusal to accept induction followed.

Because we have concluded that the judgment must be reversed on other grounds, we find it unnecessary to consider here appellant's contention that he should have been classified as a minister under the rule in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152.

An attempt was also made to argue during the oral argument a point not made in appellant's brief to the effect that the appeal board failed to consider the appellant's claim for ministerial status. We think the record fails to support this contention.

It is also contended that the classification of I–A–O made by the local board was without basis in fact. Wholly apart from the fact that that contention would appear to be without merit, in the light of this court's recent decisions in Tomlinson v. United States, 216 F.2d 12, and White v. United States, 215 F.2d 782, we think the earlier classification by the local board is unimportant here as it was superseded by the action of the appeal board which placed him in I–A. Cf. footnote 3, in Hinkle v. United States, 9 Cir., 216 F.2d 8.

As we pointed out in Franks v. United States, 9 Cir., 216 F.2d 266, while the willingness of the registrant to accept civilian work in a military reservation, to which the Department of Justice referred in the above quoted letter, might show that the registrant was not conscientiously opposed to noncombatant service, yet such attitude would not be inconsistent with a conscientious objection to combatant service. The appeal board might well have relied upon this reported willingness of the registrant in giving him a I–A–O classification.[1] We think that the advice of the Department of Justice, as interpreted and acted upon by the Board of Appeal, was erroneous as a matter of law. It is impossible to find any basis other than this erroneous advice from the Department upon which the appeal board can have acted in changing Goetz's classification from I–A–O to I–A. Here as in the case of Hinkle v. United States, supra, we conclude that the action of the appeal board must have been based and predicated upon this report of the Department of Justice. His classification as a conscientious objector entitled to Class I–A–O was fixed by the local board after his personal appearance before that board. There was no basis for a finding of insincerity, sham or fakery as the letter from the Department of Justice itself shows. Hence we must hold that the appellant's classification in I–A, was without basis in fact.

As we said in Franks v. United States, supra, we are not concerned with the question whether Goetz, even if classified I–A–O would nevertheless have refused induction. As his classification in I–A was invalid for the reasons we have stated, the judgment must be and is reversed.

1. In White v. United States, supra, we had occasion to comment upon the inferences which a board might draw from a registrant's actual employment in a munitions manufacturing establishment. That was a case in which the registrant was classified in I–A–O.