Donald Wesley PITTS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14164.

United States Court of Appeals Ninth Circuit.

Dec. 7, 1954.

Hayden C. Covington, Brooklyn, N. Y., J. H. Brill, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant was convicted of the offense of refusal to submit to induction contrary to the provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. He asserts that the Selective Service boards who placed him in Class I–A, (available for full military service), had no basis in fact for the denial of his claim that he was exempt as a conscientious objector.

The record shows that both in his original questionnaire and his special form for conscientious objectors filed with the local board, registrant asserted that he was by reason of religious training and belief conscientiously opposed to participation in war in any form and conscientiously opposed both to combatant and noncombatant training or service in the armed forces. In response to a question in the special form as to the nature of his belief, he stated among other things that: "Life is through Jehovah only and should not be destroyed by acts of men; * * * I am a conscientious objector to anything that interferes with my service to Jehovah God."

The local board placed Pitts in Class I–A and so notified him. He then by letter requested a personal appearance before the board stating that he was dissatisfied with his I–A classification: "Because it would require me to take up arms and kill which the Bible says a Christian cannot do and still gain life." The board's summary of his personal appearance referred to the fact that at that time he read from his Bible and presented a tract and stated that as a conscientious objector he should not have to take up arms. It recites: "When asked by a board member if he would go in the Army on noncombatant service, he stated: 'I would not want to go at all as that would be supporting one country against another.'" The summary then concludes: "The registrant offered no further information than that already included in his cover sheet on which to base classification. Therefore, the registrant was continued in I–A."

Pitts then appealed to the appeal board and his file was referred to the Department of Justice for a hearing and recommendation. The Department's report to the appeal board, given by a letter from the special assistant to the Attorney General under date of March 11, 1953, recited that Pitts had had a hearing before a hearing officer; that he based his opposition to war upon parental training and Bible study, and that: "He will fight and even kill to defend himself and his home. He is not a pacifist. * * * He told the hearing officer that he would defend himself against an assailant even if the attacker were a soldier in a foreign army but under no circumstances would he serve in the armed forces." The letter continued that the investigation revealed that registrant was said by his school teachers to have a good character and to be sincere in his conscientious objector stand; that he was a regular church attendant and spent 30 hours a month distributing church literature, and was reported by neighbors and acquaintances to be sincere, honest and of excel-

lent reputation. Reference was made to the activity of his family in religious matters and to the belief of references that he was a devout Jehovah's Witness. The letter then proceeded:

" * * * The Hearing Officer believed registrant had a deep devotion to his religious faith, but he felt that willingness to kill a soldier in another army in self defense was participation in defensive warfare. He, therefore, concluded that registrant was not entitled to classification as a conscientious objector.

"From all the evidence available it does not appear that registrant is disposed to defend the nation under any conceivable circumstances. His acceptance of the principle of self defense would not seem to embrace a belief in war because the attacker is wearing a uniform. Therefore, registrant's position is not inconsistent with opposition to participation in 'war in any form' as that term is used in the Universal Military Training and Service Act.

"After consideration of the entire file and record, the Department of Justice finds that the registrant's objections are sustained as to both combatant and noncombatant training and service. It is, therefore, recommended to your Board that the registrant be classified in Class I–O."

Notwithstanding this recommendation the appeal board placed the registrant in Class I–A. It is this classification which registrant says is without basis in fact.

■ We have frequently had occasion to state that under the Regulations the appeal board was not obliged to follow the Department of Justice recommendation. Here we note that if Pitts was sincere in his conscientious objection to participation in war, as the hearing officer seemed to believe, then the Department very properly and correctly disagreed with the suggestion of the hearing officer that the registrant's willingness to kill in self defense would prevent his class-

ification as a conscientious objector. The contrary conclusion of the special assistant to the Attorney General, quoted above, was in accord with our decision in *Hinkle v. United States*, 9 Cir., 216 F.2d 8.

■ The appeal board made no findings and gave no expression of its reasons for declining to follow the recommendation of the Department of Justice that registrant be classified in Class I–O. In *White v. United States*, 9 Cir., 215 F.2d 782, we pointed out that in the determination of a registrant's beliefs and his sincerity therein, the best evidence on the question may well be his demeanor and manner of testifying in a personal appearance before the board. In that case we noted the propriety of the appeal board taking into consideration the fact that the local board had made a classification following its opportunity thus to observe the registrant's demeanor. Our question now is whether upon this record it can be said that this is what the appeal board did here, and whether the findings of the local board, after registrant's personal appearance, could be taken to be the basis for the appeal board's determination.

We think that such is not the case here. The concluding portion of the summary of registrant's personal appearance, quoted above, discloses, we think, that the local board based its classification solely upon the information "included in his cover sheet." The recital that the board at the personal appearance had "no further information" discloses that it was not basing its conclusion to continue registrant in Class I–A upon his demeanor or manner. The result of all this is that we have both the local board and the appeal board placing appellant in Class I–A with nothing before them except the written statements furnished by the registrant.

In *White v. United States*, supra, this court was careful to point out that the rule of *Dickinson v. United States*, 346 U.S. 389, 74 S.Ct. 152, does not apply in a case where the local board has rejected a claim of conscientious objection after a

personal appearance before the board when it can be inferred that the board's conclusions have been based upon the demeanor and apparent credibility of registrant. But here the record shows that no such considerations entered into the local board's classification. We have therefore before us a situation which requires the application of the principle applied in the Dickinson case. We think it must be said that the denial of registrant's claim for exemption as a conscientious objector was without basis in fact.

The judgment is reversed.