Charles William AFFELDT, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 13941.

United States Court of Appeals Ninth Circuit.

Dec. 14, 1954.

---

J. B. Tietz, Los Angeles, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Mark P. Robinson, Manuel Real, Manley J. Bowler, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

Affeldt was convicted of the offense of knowingly refusing to be inducted into the armed forces of the United States in violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. He was first classified by his local board in Class III-A on account of his having certain dependents. His right to this classification terminated, and the Board then placed him in Class I-O, (person available for civilian work because conscientiously opposed to both combatant and noncombatant training and service,). Registrant had filed the special form for conscientious objectors claiming that classification. The board retained him in that classification after he had made a personal appearance before it for the purpose of claiming that he was a minister. Still asserting that he was a minister and entitled to classification as such he took an appeal to the appeal board which also placed him in Class I-O.

On the return of the file to the local board after this action by the appeal board, the local board, on December 13, 1951, mailed to Affeldt a new conscientious objector form 150. This was a new form revised October 22 preceding that date, and was identical in form with the one previously signed by Affeldt except that it had a statement over the place for signature of the registrant, "I understand that in lieu of induction into the armed forces, I will, because of my conscientious objection to noncombatant service in the armed forces, be ordered * * * to perform for twenty-four (24) consecutive months, such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate." Affeldt returned this form unexecuted stating that he refused to sign it as it would commit him to "work or service of one kind or another". He said that because he was a minister of the gospel doing any kind of work or service would constitute an encroachment upon his covenant obligations.

Following the receipt of this refusal to execute the revised form, the board at its meeting on February 19, 1952, made note of Regulation § 1642.2 which recites that when it becomes the duty of a registrant to furnish information to a local board, the duty or obligation shall be a continuing duty or obligation from day to day, and said:

"It is the registrant's continuing duty to comply with the request of the local board to complete SSS Form No. 150 (revised). Since the registrant failed to complete the mentioned form, the board members felt justified in reopening the classification of the subject registrant. Classified I-A this date."

Registrant appealed from that classification and thereupon the appeal board proceeded in the usual manner to submit the file to the Department of Justice for a hearing and report respecting registrant's conscientious objector claim.

Following the hearing before a hearing officer, the Department by its special assistant to the Attorney General, on September 3, 1952, addressed a report to the appeal board stating that registrant had had a hearing at which it appeared that although registrant was previously incarcerated pursuant to a conviction of violating the Selective Service

Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., the available information indicated that Affeldt was sincere in his religious beliefs and that his character and reputation were above reproach, and continued:

"Although apparently sincere in the beliefs he has expressed, the registrant has, however, failed to establish by clear and convincing evidence that these beliefs include opposition to war in any form. In support of his claim registrant states on his Form 150 that he would use force not only in self-defense but also for the protection of his near relatives and brethren. The Hearing Officer examined registrant closely on this point and registrant reiterated his position that he would defend the brothers of his own faith to the extent necessary under the circumstances. He also stated that he is not a pacifist.

"The Hearing Officer concluded that the registrant is not entitled to a conscientious objector classification. Since he indicates that he is not opposed to war in all its forms, but rather will fight in the defense of his brethren, the registrant is not entitled to exemption within the meaning of the Act."

The report concluded with a finding that the registrant's claim for exemption from combatant and noncombatant training and service could not be sustained. Registrant was then classed I-A by the appeal board; he was notified to report for induction and upon so reporting refused to submit to such induction and this prosecution followed.

Upon this appeal it is asserted that the action of the local board in reclassifying Affeldt I-A from I-O after he refused to fill out the conscientious objector form was an arbitrary and capricious act without basis in fact or legal authority and that this action rendered his classification void and his order to report for induction a nullity.

We think that the local board may well have been within its general power to "hear and determine, * * * all questions or claims with respect to inclusion for, or exemption or deferment from, training and service" granted by § 10(b) (3) of the Act, Title 50 U.S.C.A.Appendix, § 460(b) (3), when it requested the execution of this revised form 150, and were it not for the fact, hereafter noted, that the appeal board ignored this refusal and proceeded to consider the conscientious objector claim made in the first form 150 filed by Affeldt, it might well be that this refusal on the registrant's part amounted to a failure and refusal to exhaust his administrative remedies.[1] However, we are of the opinion that the action of the local board is not significant here for that action was superseded by the action of the appeal board, and it was the latter board's classification which brought about the order to report for induction.[2]

The principal ground upon which appellant predicates his appeal is his assertion that the denial of his conscientious objector claim and his classification in I-A was without basis in fact. The registrant disclosed in the form 150 which he filed that he had been a member of Jehovah's Witnesses from early childhood, and that he based his belief in opposition to participation in war in any form, upon "God's law as recorded in the Holy Scriptures"; he referred to the Christian doctrine of brotherly love, to his belief that he could not take up arms, and in general, made such answers in this form 150 that the local board gave him the I-O classification. This was continued after his first personal appearance before the board. The same papers seemingly satisfied the appeal board on his first appeal for it also gave him the I-O classification. One further circumstance disclosed in Affeldt's Selective

<hr>

1. Cf. Williams v. United States, 9 Cir., 203 F.2d 85.

2. See Hinkle v. United States, 9 Cir., 216 F.2d 8, footnote 3.

Service record was the fact that he had previously served a term in a federal penitentiary for violation of duty under the 1940 Act. The boards might well have inferred from this that he chose such penal service rather than submit to induction because of his beliefs. At any rate, nothing about the papers filed by Affeldt or in his personal appearance before the local board, would appear to warrant any finding of insincerity, sham or fakery in his claim that he was conscientiously opposed to participation in war in any form.

The question then arises whether his classification in Class I-A by the appeal board was without basis in fact? We are of the opinion that the record here presents the same situation which we have previously dealt with in Hinkle v. United States, supra, note 2, and Goetz v. United States, 9 Cir., 216 F.2d 270. The above advice and recommendation of the Department of Justice was in error for the reasons stated in those cases. Since the record wholly fails to disclose any other reason for the appeal board's action in changing its original classification of I-O to the final classification of I-A, we must infer here, as we did in the Hinkle case, that the appeal board in substance adopted the recommendation of the Department of Justice heretofore referred to. That Department indicated there was no reason to doubt the sincerity of Affeldt in the beliefs which he expressed. Its recommendation was based upon its erroneous advice that since Affeldt would use force in self defense and defense of near relatives and brethren, and because he had stated that he was not a pacifist, he could not claim to be a conscientious objector within the meaning of the Act. The appeal board's obvious adoption of this view resulted in a classification which was without basis in fact and accordingly Affeldt's conviction cannot be sustained.

The judgment is reversed.