**Robert Allan MANG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19462.**

United States Court of Appeals
Ninth Circuit.

Dec. 11, 1964.

J. B. Tietz, Los Angeles, Cal., for appellant.

Thomas R. Sheridan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Criminal Section, Robert L. Brosio, Asst. U.S. Atty., Los Angeles, Cal., for appellee.

Before POPE, CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Appellant was indicted, charged with violating Section 462 of the Universal Military Training and Service Act (Title 50, App. § 451 et seq., United States Code), found guilty and given a suspended sentence. He appeals the conviction. Jurisdiction existed below pursuant to 18 U.S.C. § 3231, and exists here. 28 U.S.C. §§ 1291, 1294.

Appellant, a conscientious objector, was classified "1–O", i. e., "a conscientious objector required to perform civilian work." He requested work of approved types, at three approved hospitals. and one nonapproved agency, also a hospital. He started work at an approved agency (Metropolitan State Hospital at Norwalk, California) and was ordered to. report there by his local Board. Shortly after he began his work, he ceased reporting for duty, allegedly incapacitated by a severe cold. Subsequently, he refused to return to the hospital, supplying his local Board with the excuse that "the. work depressed him," and "he had no aptitude."

Five months later, he was requested to choose from three types of civilian work at approved agencies; to-wit:

(1) as an institutional helper at the County of Los Angeles Department of Charities;

(2) as a truck driver helper at Goodwill Industries, Los Angeles; or

(3) as a psychiatric technician trainee at Atascadero State Hospital, Atascadero, California.

Appellant stated he preferred to work with one of two Quaker social service organizations, or a Catholic organization,.

or the California State Department of Corrections, Narcotics Division.

Told that none of these agencies was on "Memorandum 209," the list of approved agencies in the State of California, he requested, and obtained a hearing. He was then given the same choice of jobs, and was requested to name a preference.

This he declined to do, stating he was considering joining the Peace Corps, or applying to CORE, if the local Board held unacceptable the work he had undertaken with the Quaker social service organization, known as Friends Committee on Legislation.

Two more hearings followed, and again appellant refused the work offered him, and requested nonapproved work. Finally, over sixteen months after he had quit his original approved job, he was ordered to report to the Los Angeles County Department of Charities. He refused to do so. His indictment followed four months later.

■■■ Because the local Board relied on the State Director's list of approved organizations, appellant charges this was an abdication of the local Board's duty; an illegal usurpation of authority by the State Director; and a denial of due process.

We find no merit in appellant's position.

Section 1622.2(c) of Title 32, Code of Federal Regulations, requires each local Board to classify each registrant. Each of the cases relied upon by appellant relate to such classification. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Glover v. United States, 286 F.2d 84 (8th Cir. 1961); Ashauer v. United States, 217 F.2d 788 (9th Cir. 1954); Talcott v. Reed, 217 F. 2d 360 (9th Cir. 1954); Tyrrell v. United States, 200 F.2d 8 (9th Cir. 1952); United States ex rel. Levy v. Cain, 149 F.2d 338 (2d Cir. 1945); and Ex parte Asit Ranjan Ghosh, 58 F.Supp. 851 (S. D.Calif.1944).

Once classified, each registrant either is deferred, or exempted or goes into the Armed Forces; or, if he is classified in "1–O," is given a civilian work assignment. Unlike the problem of classification, which § 1622.2(c) places entirely in the hands of the local Board, the problem of what type of civilian work is to be undertaken by a "1–O" registrant is *finally* to be determined by the National Director of Selective Service. 32 Code of Federal Regulations, § 1660.20(d).

This is both logical, and necessary, if fairness, practicability and uniformity are to prevail among those classified as conscientious objectors. As the third circuit held in a recent case:

"It is the position of appellant that as a volunteer for civilian work he was free to make a choice of work. He urges that by failing to recognize his 'volunteer' status the Board denied him this advantage and that in any event he should not have been ordered to work pending the approval of Goodwill Industries on September 6, 1962. Upon its approval, he asserts, he should have been permitted to continue his work there as satisfying his obligation to the Selective Service System. Appellant relies on his mere statement in Form No. 15 of his willingness to take on civilian work of national importance as placing the burden upon the Board of sending him an appropriate form upon which he would request to be ordered to perform such work. [note] But the appellant cannot so easily cast this burden upon the Board. It was his duty to obtain the employment that was to be his satisfactory substitute for entering military service. Moreover, that employment, whether voluntarily engaged in by a registrant or chosen for him by the Board, was in any case to be employment considered appropriate by the Board, and not just any employment, private or non-profit which suited the whim of the registrant. [note]

"But here the appellant draws down another objection. Now he appears to concede that approval of

the employer is necessary but that it is completely within the discretion of the local board to give that approval. He asserts that the Board utilized lists of employers transmitted to it by the National and State Selective Service authorities and made its order pursuant to the suggestion by them. In this, appellant contends the Board abandoned its duty to exercise its own discretion which, he submits, excuses him from compliance with the directive of the Board that he take employment with the New Jersey State Hospital at Greystone Park. Indeed, he goes so far as to doubt the constitutionality of the regulation limiting the employers to public or non-profit agencies asserting that those engaged in private enterprises are fully as contributive toward the public welfare as non-profit agencies.

"But the appellant makes no suggestion that the proposed employers were unfit. Were this the case and it was shown that the Board permitted its discretion to be dominated by suggestion of employers, illegally contrived, there might have been some ground to his contention. However, when the dust cloud of these objections settles, it becomes apparent that the Board, by permitting itself to be guided in the selection of the proposed employer of this conscientious objector, abandoned none of its autonomy with which the Selective Service Act vested it. Indeed, it is difficult to understand how uniformity of treatment of all conscientious objectors with regard to engagement in public welfare work could otherwise be practiced." United States v. Lawson, 337 F.2d 800 (decided October 20, 1964).

We consider appellant's other point as to failure of proof to be totally without substance.

Affirmed.