**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nathan Joshua ZABLEN, Defendant-
Appellant.**

**No. 25607.**

United States Court of Appeals,
Ninth Circuit.

Jan. 11, 1971.

Martha Goldin (argued), Alan Saltzman, Hollywood, Cal., for defendant-appellant.

Johnnie F. Walters (argued) Ass't U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, BROWNING, and CARTER, Circuit Judges.

PER CURIAM:

Appellant was convicted of refusing induction into the Armed Forces in violation of section 12(a) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a) (1964 ed., Supp. IV). The chronology of events relevant to his appeal is as follows.

On March 22, 1968, appellant's local board ordered him to report for induction on April 16. On March 25, appellant requested a I–S classification. Appellant's local board received verification of his enrollment as a student until June 14 but nonetheless improperly (as the government concedes) refused to reopen his I–A classification.

The board did however, cancel appellant's outstanding induction order and, on June 25, issued a new order requiring appellant to report for induction on July 16 rather than April 16. On June 28, appellant filed a claim for occupational deferment. On July 11, he filed a claim for conscientious objector status. On July 12, the board declined to reopen appellant's I–A classification to consider either claim on the merits on the ground that there had been no change in his status resulting from circumstances beyond his control.*

The government argues that appellant was not prejudiced by the unlawful denial of a I–S classification because the board informally delayed his induction and permitted him to finish the academic year.

Had appellant received the mandatory I–S classification, he would have retained it until June 14. 32 C.F.R. § 1622.15. The board could not have reclassified him I–A until that date. Appellant would then have had 30 days in which to request a personal appearance before the Board or appeal his I–A classification, 32 C.F.R. §§ 1624.1, 1626.2(c) (1), and during that period the board could not have ordered him to report for induction. 32 C.F.R. §§ 1624.3, 1626.41. Hence, the board could not have issued appellant a valid induction order prior to July 13. There would then have been no outstanding induction order when appellant filed his claims for occupational deferment and conscientious objector status.

Had the board properly classified appellant I–S, therefore, it would have had to consider his claims on their merits and could not have rejected them on the

---

* 32 C.F.R. § 1625.2 provides: "[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

basis of the standard applicable to late claims. Appellant was thus deprived of the opportunity to have his I–A classification reopened and the right to a personal appearance before the board and an administrative appeal. 32 C.F.R. §§ 1625.11, 1625.13. Because the denial of a I–S classification foreclosed proper consideration of appellant's request for reclassification, that denial prejudiced him and rendered invalid the order to report for induction. See Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

Reversed.