UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Henry WARD, Defendant-Appellant.

No. 26375.

United States Court of Appeals,
Ninth Circuit.

June 28, 1971.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Ward was convicted for violation of 50 U.S.C. App. § 462, refusal to submit to induction. We reverse.

On March 18, 1968, Ward was ordered to report for induction. That same day, the induction was "postponed until further notice", and Ward was reclassified I-S(C) [student deferment] "until October 1968." On March 29, 1968, Ward completed and returned Selective Service Form 150, in which he described his conscientious objection to war. The board then classified Ward I-A-O [eligible for non-combatant military training] on April 17, 1968. Within the 30-day appeal period, Ward visited the local board offices and, in response to his inquiries, a board secretary allegedly informed him that he could not appeal his I-A-O classification without "new evidence." [1] In mid-June of 1968, Ward withdrew from his college courses with the intention of enrolling in a "bible school" to become a minister. On August 16, 1968, Ward received a new induction order and, after one postponement, reported on January 9, 1969, but refused induction.

The question presented on appeal is whether the local board erred on April 17 by classifying Ward I-A-O at a time when he was a college student and legally entitled to a I-S(C) deferment.[2] The Government asserts that Ward requested a I-A-O classification by filing his Form 150 on March 20, and the board merely granted his request on April 17. It is correct that a Form 150 incorporates a request for exemption. It might also be considered "informational", however, in view of a registrant's duty to report to the board the

Volney V. Brown, Jr. (argued), Beverly Hills, Cal., for defendant-appellant.

Eric Nobles, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

1. The Government did not raise the issue of Ward's apparent failure to exhaust his administrative remedies within the Selective Service System. Therefore, that issue is not before this court on appeal.

2. The board was under a *mandatory* (i. e. not discretionary) duty to place and retain Ward in Class I-S until the end of the academic year or until he ceased to satisfactorily pursue his course of study. 50 U.S.C. App. § 456(i) (2) ; 32 C.F.R. § 1622.15 ; United States v. Zablen, (9 Cir. 1971) 436 F.2d 1075, 1076.

occurrence of any fact that might bear upon his classification [32 C.F.R. § 1625.1]. Thus, it is possible that Ward filed the Form 150 to announce the crystallization of his C.O. beliefs as groundwork for establishing "sincerity" for future I-A-O classification when his I-S(C) deferment expired. Such a conclusion would seem more plausible than that insisted upon by the Government, to wit —a professed C.O. requested immediate reclassification from a I-S(C) deferred status to a I-A-O draft-eligible status.

The Form 150 in use at that time [2–10–66 version] also provided that if a C.O. claim was made, "the local board shall proceed in the prescribed manner to determine [registrant's] proper classification." The "prescribed manner" referred to is specifically set forth in 32 C.F.R. § 1623.2, to wit:

> "Consideration of Classes. Every registrant shall be placed in Class I-A under the provisions of section 1622.-10 of this chapter except that when grounds are established to place a registrant in one or more of the classes listed in the following table, the registrant *shall be classified in the lowest class for which he is determined to be eligible*, with Class I-A-O considered the highest class and Class I-C considered the lowest class according to the following table: I-A-O, I-O, I-S * * *." [emphasis added].

Thus, the local board violated its own regulation by removing Ward's I-S(C) deferment and substituting the "higher" I-A-O classification.

■ This court has held that an induction order based upon an erroneous classification is invalid. United States v. Brandt, (9 Cir. 1970) 435 F.2d 324, 327; Franks v. United States, (9 Cir. 1954) 216 F.2d 266, 270; Goetz v. United States, (9 Cir. 1954) 216 F.2d 270, 272.

■■ As to prejudice, if Ward had been retained in Class I-S(C) until he withdrew from college in mid-June, his subsequent reclassification to I-A would have given rise to two consecutive 30-day periods in which Ward could request a personal appearance and, if unsuccessful there, request an appeal to the State Board. Even assuming absolute efficiency in the review process, the board could not have validly issued an induction order until after the date of the order here involved. The prejudice resulting from the premature issuance of an induction order is obvious in view of the severe limitations upon reopening a classification and presenting new evidence provided by 32 C.F.R. § 1625.2. *See,* United States v. Zablen, (9 Cir. 1971) 436 F.2d 1075.

Accordingly, Ward's conviction based upon refusal to submit to this invalid induction order is reversed. The mandate shall issue forthwith.