**UNITED STATES of America,
Plaintiff,**

**v.**

**Stephen Bowles WARD, Defendant.**

**Crim. No. 13095.**

United States District Court,
D. Hawaii.

Nov. 16, 1973.

Thomas P. Young, Asst. U. S. Atty., Harold M. Fong, U. S. Atty., Honolulu, Haw., for plaintiff.

John S. Edmunds, Honolulu, Haw., for defendant.

## DECISION AND ORDER DISMISSING INDICTMENT

SAMUEL P. KING, District Judge.

Defendant Stephen Bowles Ward moves to dismiss an indictment charging him with failure, neglect and refusal to be inducted into the Armed Forces in violation of 50 U.S.C. App. § 462. Defendant contends that under the applicable statute he was entitled to a I–S deferment as a matter of right because he received his induction notice while he was a full time student. He also alleges that because the local board erred in not granting him a I–S deferment, he was denied the right to have his file reopened for consideration of new facts.

The facts in this case are not in dispute. Defendant entered college in 1964 and was granted a II–S deferment in March of that year. On April 4, 1968, he was reclassified I–Y and a month later was ordered to report for a physical examination. Defendant was found acceptable for induction and mailed a statement to that effect on January 9, 1969. He was subsequently reclassified I–A and on April 15, 1969, was ordered to report for induction on May 16, 1969. Prior to induction the University of California informed the local draft board by letter received on April 24, 1969, that the registrant was enrolled as a full time graduate student slated to receive his degree on June 14, 1969, and requested that he not be inducted prior to that date. Rather than reclassify the defendant, the board merely postponed defendant's induction, and later rescheduled induction for November 18, 1969. Subsequent to that postponement the board received a letter from a Dr. Harvey Paley describing defendant's medical condition which, in the doctor's opinion, disqualified the defendant from military service. Notwithstanding the receipt of this letter, the board took no action to reopen his file for consideration of new facts. On November 18, 1969, defendant failed to report for his induction.

Defendant places reliance on § 6(i) of the Selective Service Act of 1967 which mandates a deferment of any individual ordered to report for induction who was at the time pursuing a full time course of instruction "until the end of such academic year." 32 C.F.R. 1622.15(b) implements § 6(i) with an identical mandate directing that such a student be given a I–S deferment.

The Government argues that defendant cannot invoke § 6(i) since he falls within the exceptions provided by § 6(i)(2). The pertinent portion of paragraph (2) states:

Any person who while satisfactorily pursuing a full time course of instruction . . . is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred . . . . Provided, That (1) any person who has heretofore had his induction postponed under the provisions of section 6(i)(2) of this section; (2) or any person who has heretofore been deferred as a student under section 6(h) of such Act [former subsection (h) of this section]; (3) or any person who hereafter is deferred under the provision of this subsection, . . ., shall not be further deferred . . . [in class I–S].[1]

---

[1]. Defendant errs in interpreting "such Act" as to refer to the 1967 Selective Service Act. However, the exceptions are not applicable for the reasons stated herein.

The Court takes note that the Selective Service Act of 1948 remained in effect only until June 19, 1951, when the Universal Military Training and Service Act of 1951 (65 Stat. 75) was enacted containing the above-quoted provision. The purpose of the 1951 Act was to deny further deferments to those who had been deferred under subsection 6(h) and 6(i) of the 1948 Act, since the 1948 Act had contained no extension of liability to age 35 for those so deferred. Since the 1951 and subsequent Acts have provided for such extended liability, there was no reason to apply the first two clauses of the exclusion proviso prospectively—a single I–S deferment could no longer result in a registrant escaping military service. Clearly, the first two exclusions set forth above apply only to those who received a II–S or a I–S between 1948 and 1951. *See* 1 Selective Service Law Reporter 4041 (1968). There, it is noted that the 1967 Act provides for an absolute right to a I–S for persons ordered for induction during an academic year with four specific exceptions:

> first, those who have had undergraduate II–S deferments since July 1, 1967 [paragraph 6(h)(i)]; second and third, those who had a II–S or a I–S deferment between 1948 and 1951 [paragraph 6(i)(2)]; and fourth, those who obtain a I–S under the current Act [paragraph 6(i)(2)]. (1 SSLR 4042)

■ Defendant Ward does not fall within any of the exceptions mentioned above. He received his II–S classification after the passage of the 1951 Act and before the enactment of the 1967 Act. Thus, defendant Ward was entitled to the I–S deferment provided by § 6(i) and 32 C.F.R. 1622.15(b). Postponement of the induction date, as was done here, is not equivalent to a reclassification. The issuance of an induction order based on an erroneous classification is invalid. *See* United States v. Brandt, 435 F.2d 324, 327 (9th Cir. 1970); Franks v. United States, 216 F.

2d 266 (9th Cir. 1954); Goety v. United States, 216 F.2d 270, 272 (9th Cir. 1954); United States v. Ward, 445 F.2d 261 (9th Cir. 1971). *Defendant's local draft board erred in not reclassifying him I–S on the date they postponed his induction.* Accordingly, the induction order sent to defendant was based on an erroneous classification and is therefore invalid.

■ The second issue presented by defendant's motion to dismiss involves his right to have his file reopened for consideration of new facts presented to the board. The prejudice resulting from the premature issuance of an induction order is obvious in view of the severe limitations upon reopening a classification and presenting new evidence provided by 32 C.F.R. § 1625.2. *See* United States v. Zablen, 436 F.2d 1075 (9th Cir. 1971).

On August 20, 1969, defendant's draft board received Dr. Paley's letter describing defendant's medical condition. Under 32 C.F.R. § 1625.2 a "local board may reopen and consider anew the classification of a registrant . . . [if presented with] facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification. . . ." In Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970) the Court stated that a board was required to reopen a registrant's file where the registrant had set out new facts that established a prima facie case for a new classification. It held that:

> Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file.

Although *Mulloy* concerns a pre-induction order situation, it is applicable to the present case. Had defendant's local board properly followed the provisions of § 6(i) and 32 C.F.R. 1622.15(b) and granted defendant his I–S deferment, Dr. Paley's letter would have required the board to reopen defendant's file. Moreover, defendant would have been entitled to the procedural rights of an opportunity for a personal appearance and appeal. *See Mulloy, supra.*

 Since the local board erred in not granting defendant a I–S deferment and because this error deprived defendant of his right to have his file reopened, the indictment against defendant must be dismissed.

Defendant's Motion to Dismiss is hereby granted and the indictment against Defendant Ward is dismissed.[2]

---

2. *See* United States v. Seeley, 301 F.Supp. 811 (D.R.I.1969), and Murray v. Blatchford, 307 F.Supp. 1038 (D.R.I.1969), supporting the procedural correctness of this use of a motion to dismiss; *accord* United States v. Ponto, 454 F.2d 657 (7th Cir. 1971). *But see* United States v. Ramos, 413 F.2d 743 (1st Cir. 1969); United States v. Shelly, 330 F.Supp. 1214 (E.D.Pa.1971).